UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:24-cr-00055-JLT-SAB-19 |
| Plaintiff, | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| v. | |
| WILLIAM BOSMA, | |
| Defendant. | |

## I.     INTRODUCTION

William Bosma is a federal prisoner proceeding on a 28 U.S.C. § 2255 motion filed on August 26, 2025 seeking to vacate, set aside, or correct his sentence. (Doc. 723).[1] He asserts that he received ineffective assistance of counsel and that he suffered a Fourth Amendment violation based on an unlawful vehicle search. For the reasons discussed below, the Court **DENIES** the § 2255 Motion and **DECLINES** to issue a certificate of appealability.

## II.     BACKGROUND

In 2024, a grand jury returned a 53-count second superseding indictment charging thirty individuals with various offenses relating to a continuing criminal enterprise. Bosma was indicted on

---

[1] The § 2255 Motion was timely filed. *See* 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1). The government does not contend otherwise. (See Doc. 766).

charges of violating 21 U.S.C. §§ 846, 841(a)(1) Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine [Count Two] and 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Methamphetamine [Count Sixteen]. (Doc. 328 [Second Superseding Indictment]).

Bosma, represented by trial counsel Mark Coleman, pleaded guilty in open court and under a plea agreement to violating Count Sixteen. (Docs. 388, 407, 735). Bosma waived certain rights including the right to "pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could have been filed[;]" the right to appeal "any aspect of the guilty plea, conviction, or the sentence imposed in this case[,]" including "any and all constitutional and/or legal challenges to [his] conviction and guilty plea[;]" and the "right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence imposed in the case, except for non-waivable claims." (Doc. 388 at 7-8; *see also* Doc. 735 at 8-13).

On June 2, 2025, the Court sentenced Bosma below the guidelines to 188 months in custody, followed by 60 months of supervised release.[2] (Doc. 648). The Court entered judgment on the conviction and sentence that same day. (Doc. 650; *see also* Sealed Doc. 620-1).  Bosma did not appeal.[3] (*See* docket).

### III.    STANDARD OF DECISION

"A federal prisoner challenging the legality of detention generally must do so by a motion pursuant to 28 U.S.C. § 2255." *Scaggs v. Ciolli*, 2023 WL 1879461, at *1 (9th Cir. February 10, 2023) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). Under § 2255, a prisoner in federal custody under sentence imposed by a federal court, may collaterally attack the validity of his conviction or sentence by filing a motion to vacate, set aside or correct the sentence in the court that imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 also enumerates the grounds upon which a sentencing court may grant the federal prisoner relief:

[2] The Presentence Report calculated a criminal history category of VI and total offense level of 34 with a guideline range of 262 to 327 months. (Sealed Doc. 620-1 at 1).

[3] The Court, at the sentencing hearing advised Bosma of his appeal and collateral attack waivers and rights. (Doc. 750 at 16).

"[u]pon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] . . . the court was without jurisdiction to impose such sentence, or [3] . . . the sentence was in excess of the maximum authorized by law, or [4] [the sentence] . . . is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Roper*, 72 F.4th 1097, 1102 (9th Cir. 2023), *abrogated on other grounds by Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026) (quoting *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999)) ("Section 2255 grants a prisoner in custody the right at any time to bring a motion to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law. . . .").

A successful § 2255 motion requires the federal prisoner to demonstrate the existence of an error of constitutional magnitude that "had a substantial and injurious effect or influence on the guilty plea or [ ] jury's verdict" and show the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Section 2255 relief is only warranted where a movant shows the asserted "fundamental defect . . . inherently result[ed] in a complete miscarriage of justice." *United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.")  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

## IV.   DISCUSSION

Bosma claims that the unwarranted search of the car he was driving during his arrest by local authorities and the seizure of methamphetamine from the car violated his Fourth Amendment rights (i.e. Ground One of the § 2255 motion), and that counsel's ineffective failure to raise Ground One prior to or during the plea process and thereafter violated his Sixth Amendment rights (i.e. Ground

3

Two of the § 2255 motion). (Doc. 723 at 4-5, 9). As explained below, Bosma is not entitled to relief on the asserted Grounds.

**A.      Ineffective Assistance of Counsel – Guilty Plea**

Bosma asserts, at least implicitly, that his guilty plea upon written agreement is invalid due to counsel's ineffective failure to investigate, develop, and present the purported Fourth Amendment violation. *See United States v. Jaramillo*, 2025 WL 2462728, at *5 (E.D. Cal. June 18, 2025), *certificate of appealability denied,* 2025 WL 2444546 (E.D. Cal. Aug. 25, 2025) (citing *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021)) ("[A] plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver itself." However, any such assertion is unsupported in and specifically refuted by the record before the Court.

Ineffective assistance of counsel claims may be heard on collateral review, even if a defendant could have, but failed to, bring those claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05, 509 (2003); *see also United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); *United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003). To prevail on claimed ineffective assistance of counsel, a defendant must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998). In *Strickland*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 687.

First, "deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). The defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (same). There is a strong

presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689; *Quintero-Barraza*, 78 F.3d at 1349; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, to demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003) (same).

The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process, including the decision whether to accept or reject a plea offer. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see also Hill*, 474 U.S. at 57-59; *Premo v. Moore*, 562 U.S. 115, 129 (2011) (quoting *Hill,* 474 U.S. at 59) (to prevail on prejudice in the context of a plea, defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Where a defendant pleaded guilty and no trial occurred, "the defendant must demonstrate that absent h[is] attorney's incompetence, [the defendant] would rationally have rejected the plea bargain and would either have gone to trial or received a better plea bargain instead." *United States v. Valle-Rodriguez*, 2026 WL 323123, at \*2 (N.D. Cal. Feb. 6, 2026) (quoting *Rodriguez*, 49 F.4th at 1213 (cleaned up)); *see also Moore*, 562 U.S. at 125 ("[S]trict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage.").

Here, the undisputed record supports counsel's presumptive competence such that Bosma's entry of the guilty plea and plea agreement was knowing, voluntary, and intelligent.[4] For example,

---

[4] Bosma has not argued much less pointed to facts that counsel was ineffective at sentencing. Nothing before the Court suggests that counsel deficiently investigated and presented the defense case at sentencing, or a reasonable probability of a more favorable sentencing outcome had counsel acted differently. (See Doc. 750).

counsel avers that he reviewed and investigated the discovery in the case and believed the government had sufficient evidence to convict, and so advised Bosma. (Doc. 767 at 3). Bosma told counsel that he did not want to proceed to trial or receive what would amount to a life sentence. (Doc. 767 at 3-4; *see also* Doc. 328-1 at 7). Counsel negotiated the below the guidelines plea deal and reviewed the plea agreement with Bosma including the proposed factual basis for the plea, the guideline calculations, the sentencing exposure, the and plea waivers.[5] (Doc. 767 at 3). Bosma, having been advised on the risks and benefits of trial versus plea, stated that he understood the options and wanted to plead guilty, a decision in which counsel joined. (Doc. 767 at 4).

The plea colloquy also demonstrates that Bosma understood the charges, possible punishment, potential defenses, and the terms of his plea to the Count Sixteen charges. (Doc. 735 at 4-13; *see also* Doc. 388). Bosma confirmed that he discussed the case, the defense options, and the plea deal with counsel and was satisfied with counsel's representation. (*Id.*). Bosma confirmed he understood and agreed to waiver of the right to appeal and collaterally attack the plea and sentence even absent any assurance of a sentence to less than life. (*Id.*) Bosma confirmed that he plead guilty voluntarily because he was guilty of violating Count Sixteen as stated in the factual basis for the plea. (*Id.*); *see also Chizen v. Hunter*, 809 F.2d 560, 562 (1986) (noting that "statements made by a criminal defendant contemporaneously with his plea should be accorded great weight" because "[s]olemn declarations made in open court carry a strong presumption of verity"); *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (citing *Machibroda v. U.S.*, 368 U.S. 487, 495-496 (1962)) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Additionally, counsel was not deficient by failing to raise Bosma's non-cognizable Fourth Amendment claim, for the reasons discussed below. (*See* section IV B, post).  Therefore, the Court

---

[5] Relatedly, Counsel reviewed with Bosma the presentence investigation report including guideline calculations and advisory range, prior to the sentencing hearing. (Doc. 767 at 4).

finds that Bosma has not alleged facts overcoming the presumption that counsel's conduct in relation to the plea process was reasonable and strategically motivated. *See Strickland*, 466 U.S. at 689 ("[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Bosma's mere "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26; *see also United States v. Mazzei,* 2026 WL 1194920, at *4 (D. Haw. May 1, 2026) ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . ."); *Strickland*, 466 U.S. at 689; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) ("We normally apply a strong presumption of reliability to judicial proceedings and require a defendant to overcome that presumption [citations] by show[ing] how specific errors of counsel undermined the reliability of the finding of guilt[.]"); *see also Hill*, 474 U.S., at 56 (citing *McMann v. Richardson,* 397 U.S. 759, 771 (1970)) ("[T]he voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases[;]"); *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (citing *McMann*, 397 U.S., at 771) ("If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases[.]").

Even if Bosma could show counsel was deficient in relation to the plea process, he has not pointed to facts of prejudice under the *Strickland* standard. Nothing before the Court suggests that absent counsel's allegedly deficient conduct, Bosma rationally would have proceeded to trial or received a better plea deal. *See Hill*, 474 U.S., at 56 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)) ("[T]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."). For example, counsel negotiated and advocated for a below the guidelines sentence of 120 months predicated on a downward departure for acceptance of responsibility. (Doc. 767 at 4). The probation officer joined in a recommended 120 month sentence. (Sealed Doc. 620-1 at 1). Bosma was sentenced to 188 months, well below the noted guideline minimum of 262 months in prison. (Doc. 648; Sealed Doc. 620). Moreover, Bosma does not support any viable Fourth Amendment defense, for the reasons discussed below.

**B.      Ineffective Assistance – Fourth Amendment Violation**

Bosma asserts counsel unreasonably failed to challenge the warrantless stop and search of the car he was driving at the time of his arrest by local authorities, and to suppress the methamphetamine found during the search. But here again, the assertion is vague, conclusory, and unsupported in and specifically refuted by the record before the Court.

When an ineffective assistance claim is based on a failure to litigate a Fourth Amendment issue, the petitioner must satisfy *Strickland* and show that (1) the overlooked motion to suppress would have been meritorious and (2) there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence. *Leon v. United States*, 2015 WL 3965895, at *7 (D. Haw. June 29, 2015) (citing *Ortiz–Sandoval v. Clarke,* 323 F.3d 1165, 1170 (9th Cir. 2003)) (citing *Morrison,* 477 U.S. at 375); *see also United States v. Iribe-Beltran*, 2009 WL 1891555, at *6 (D. Idaho July 1, 2009) (citing *Morrison,* 477 U.S. at 375) (To prevail on a claim of ineffective assistance of counsel for failing to file a motion to suppress evidence seized in an unlawful search, a prisoner must prove (1) that his Fourth Amendment claim was meritorious, and (2) that there is a reasonable probability that the result of the proceeding would have been different absent the excludable evidence).  "[T]he failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." *United States v. Upshaw*, 2019 WL 1170483, at *6 (E.D. Cal. Mar. 13, 2019) (citing *Morrison,* 477 U.S. at 384).

Bosma does not point to facts overcoming the presumption that counsel acted reasonably and strategically in declining to challenge the stop, search, and seizure of the methamphetamine on Fourth Amendment grounds. To the contrary, counsel relied on his professional judgment in considering whether the traffic stop was supported by a reasonable suspicion. (Doc. 767 at 3-4). Counsel found that a Fourth Amendment challenge to the traffic stop had no likelihood of success. (*Id.*).

Officers have reasonable suspicion when "specific, articulable facts . . . together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *United States v. Choudry,* 461 F.3d 1097, 1000 (9th Cir. 2006). The reasonable suspicion analysis takes into account the totality of the circumstances of each case to see

8

whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *see also United States v. Montero-Camargo,* 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (same). Furthermore, the Ninth Circuit recognizes the doctrine of collective knowledge where, as here, an observing officer with knowledge of all the facts necessary for reasonable suspicion (or probable cause) communicates, or causes to be communicated, this fact to another officer who then makes the stop. (*See* Doc. 1 at 45-48); *see also United States v. Ramirez,* 473 F.3d 1026, 1033 (9th Cir. 2007).

The record reflects the car Bosma was driving ostensibly had expired registration. (*See* Doc. 767 at 2-3); *see e.g.*, *United States v. Willis*, 431 F.3d 709, 714 (9th Cir. 2005) (traffic stop permissible when officers have "at least reasonable suspicion" of a traffic violation). Bosma refused to yield when law enforcement attempted the traffic stop, leading authorities on a pursuit during which Bosma ran a red light. (Doc. 767 at 2). Bosma ended up crashing the car on the roadway and fleeing on foot before he was apprehended and arrested. (*Id*.). The wiretap and surveillance information imputed to the officers making the stop also supported reasonable suspicion that the car contained contraband narcotics. (*See* Doc. 1 at 45-48; *see also* Doc. 767 at 2-3). Thus, counsel's decision that a motion to suppress the methamphetamine found during the search of the car likely would not succeed was informed and reasonable as a matter of trial tactics.[6]

"[P]robable cause means a fair probability that contraband or evidence is located in a particular place. Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a common sense, practical question. Neither certainty nor a preponderance of the evidence is required." *United States v. Kelley,* 482 F.3d 1047, 1050 (9th Cir. 2007); *see also Illinois v. Gates,* 462 U.S. 213, 238 (1983); *United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) ("[P]robable cause means 'fair probability,' not certainty or even a preponderance of the evidence."); *United States v. Peterson*, 2025 WL 2780042, at *10 (E.D. Cal. Sept. 30, 2025) (citing *Gates*, 462 U.S. at 230, 232) (whether probable cause exists is a

---

[6] To the extent search of the car could be viewed as incident to arrest,  Bosma has not pointed to facts that the permissible scope was exceeded. See *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (search of the passenger compartment of an arrestee's automobile permitted if the search (1) is required for officer safety or (2) is necessary to prevent destruction of evidence of the crime for which the recent occupant was arrested).

"commonsense, practical question" which is "not readily, or even usefully, reduced to a neat set of legal rules."). Still, doubtful cases should be resolved in favor of a warrant. *Kelley,* 482 F.3d at 1050–51. Also, "under the automobile exception, probable cause alone suffices to justify warrantless search of a vehicle lawfully parked in a public place, so long as the scope of the search is reasonable." *United States v. Thompson*, 2023 WL 4262534, at *6 (D. Nev. June 28, 2023) (citing *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985)) (citing *California v. Carney*, 471 U.S. 386, 390-94 (1985)).

Here, counsel investigated a possible motion to suppress the methamphetamine. (Doc. 767 at 3). Counsel reviewed the case discovery, the controlling legal authorities, and concluded a suppression motion had "no likelihood of success." (*Id*.); *see also United States v. Madsen*, 2009 WL 2245062, at *6 (D. Idaho July 23, 2009) ("whether or not to file a motion to suppress is a strategic choice of counsel rather than a decision made by a defendant"); *Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). For example, Counsel considered that Bosma's car had been in a pursuit, abandoned, and was to be towed, as supporting probable cause for the search.  (Doc. 767 at 2). Counsel considered the wiretap and surveillance information, imputed to the officers making the stop, as supporting  a fair probability the car contained contraband methamphetamine and probable cause for the search. (*Id*.). Counsel observed records that Bosma then was on probation and subject to search. (*Id*. at 3). Counsel avers that he discussed the foregoing matters with Bosma, during which Bosma conceded he knew the drugs were in the car and that he had assisted in picking them up. (Doc. 767 at 3). Counsel avers that Bosma did not contest the traffic stop or express desire to suppress the seized methamphetamine. (*Id*.).

Bosma has not overcome the presumption that counsel acted competently in relation to the purported suppression claim. See *United States v. Mills*, 2014 WL 1390950, at *3 (D. Nev. Apr. 9, 2014) (finding no deficient performance where "the decision [to forego filing a motion to suppress] advanced the overarching and successful defense strategy of seeking a reduction for acceptance of responsibility and a downward variance from the 97-month minimum guideline sentence"); *see also United States v. Vasquez*, 2026 WL 836485, at *5 (E.D. Cal. Mar. 26, 2026) (citing *Tollett v.*

10

*Henderson*, 411 U.S. 258, 267 (1973)) (counsel is under no obligation to make frivolous motions or advise a defendant of every conceivable constitutional attack he might mount).

The Court finds "[t]his is not a case where defense counsel failed to investigate the merits of a motion to suppress or failed to conduct discovery and discuss the merits of filing such a motion with his client." *Upshaw*, 2019 WL 1170483, at *7 (E.D. Cal. Mar. 13, 2019); *cf. Morrison*, 477 U.S. at 385 (finding ineffective assistance of counsel where failure to file a motion to suppress resulted from failure to conduct pretrial discovery rather than from a strategic decision). As discussed above, counsel's decision not to file a motion to suppress was a strategic decision that considered both lack of merit and Bosma's desire to negotiate a favorable plea deal. (*See* Doc. 767 at 3-4).

Even if Bosma could show counsel was deficient as alleged, he has not made any sufficient proffer supporting a meritorious Fourth Amendment challenge to the search and seizure. It follows that Bosma could not rationally have rejected the favorable plea deal and exposed himself to prosecution on (dismissed) Count Two and a much longer sentence, based solely on the unsubstantiated Fourth Amendment allegations. *See Moore*, 562 U.S. at 129; *Upshaw*, 2019 WL 1170483, at *9 (E.D. Cal. Mar. 13, 2019) (citing *Moore*, 562 U.S. at 129) ("A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence.").

**C.     Fourth Amendment Violation**

Bosma asserts as an independent constitutional violation the warrantless stop and search of the car he was driving at the time of his arrest by local authorities and the seizure of methamphetamine found during that search. However, the claim is not cognizable because it is unsupported in fact and law, for the reasons stated. (*See* section IV B, ante).

Also, the claim was not raised on appeal and is procedurally defaulted on that basis. A federal prisoner who fails to raise a waivable constitutional claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under § 2255. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Bosma, having been advised by the sentencing Court of his rights on appeal did not request appellate counsel or file a notice of appeal. Nor does Bosma argue or point to facts suggesting cause or prejudice or actual innocence sufficient

to overcome procedural default. For example, Bosma's purported Fourth Amendment claim does not appear to be novel and there is no indication of prejudice or actual innocence, for the reasons stated. *See* e.g., *Reed v. Ross*, 468 U.S. 1, 16 (1984) (a petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel.").

Additionally, the claim is barred by Bosma's valid guilty plea waiver of "any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence. . . ." (Doc. 388 at 8); *see also Henderson*, 411 U.S. at 267 (a defendant who has pleaded guilty may not thereafter raise claims of constitutional violations occurring prior to entry of the plea, as "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."); *Upshaw*, 2019 WL 1170483, at *5 (citing *McMurtrey v. Ryan*, 539 F.3d 1112, 1119 (9th Cir. 2008)) (declining to consider an alleged pre-plea constitutional violation in a habeas appeal).

## D.    Evidentiary Hearing

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also United States v. Jaramillo*, 2025 WL 2462728, at *20 (E.D. Cal. 2025) (same). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Rodriguez*, 49 F.4th at 1213 (same). To earn the right to a hearing, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159. "The Ninth Circuit's rule is that merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Therefore, a § 2255 motion does not automatically entitle a movant to a hearing if the issues can be conclusively decided on the basis of the evidence in the motion, files, and records. *Allison,* 431 U.S. at 80-82; 28 U.S.C. § 2255(b); *see also United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a §

2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Habeas Rule 8(a) (the court must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Habeas Rule 7 to determine whether an evidentiary hearing is warranted); *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (§ 2255 hearing is required unless the motion, files, and records conclusively show movant is not entitled to relief). The district court exercises its discretion and common sense in determining whether a hearing is necessary. *U.S. v. Tate*, 523 F. Supp. 2d 165, 169 (D. Conn. 2007); *see also U.S. v. Martinez*, 475 F. Supp. 2d 154, 161 (D. Conn. 2007) (a district court is permitted to dispose of a motion to vacate without a hearing where the case records demonstrate the movant's claims lack merit).

Here, Bosma is not entitled to a § 2255 hearing because his claims are not cognizable and subject to dismissal, for the reasons stated. *Peterson*, 2025 WL 2780042, at *13 (E.D. Cal. Sept. 30, 2025) (movant is not entitled to a § 2255 hearing because his claims are not a basis for relief). The § 2255 Motion may be denied as a matter of law, without a hearing. *See Leonti*, 326 F.3d at 1116 (defendant filing a motion to vacate is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief); *cf. United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (evidentiary hearing necessary on § 2255 motion to determine factual questions underlying prejudice to overcome procedural default); *Iaea v. Sunn*, 800 F.2d 861, 865-66 (9th Cir. 1986) (remanding "for an evidentiary hearing to determine whether there is a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice"). Bosma's "mere conclusory allegations do not warrant an evidentiary hearing." *See Shah*, 878 F.2d at 1161. Therefore, the Court finds that an oral hearing on the § 2255 Motion is not necessary.

**E.    Certificate of Appealability**

Pursuant to Habeas Rule 11, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings, Rule 11(a).

A court may issue a certificate of appealability where the moving party has made a substantial showing of the denial of a constitutional right, and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve

encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, the Court finds that Bosma has not made a substantial showing of the denial of a constitutional right, for the reasons stated. Furthermore, based on the foregoing, Bosma cannot show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, or that jurists of reason would find it debatable whether the § 2255 motion states a valid claim of the denial of a constitutional right and the Court was correct in its procedural rulings. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

### V.    CONCLUSIONS

The Court observes that a *pro se* litigant's "pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys." *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, a "liberal construction" does not permit the Court to ignore "an obvious failure to allege facts that set forth a cognizable claim." *United States v. Caputo*, 2023 WL 5207318, at *3 (*citing James*, 24 F.3d at 26). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Id.*

The Court concludes that Bosma has failed to state a claim for relief under 28 U.S.C. § 2255. Bosma is not entitled to an oral hearing on the § 2255 Motion.  Bosma is not entitled to a certificate of appealability. Thus, the Court **ORDERS:**

1.    The § 2255 Motion (Doc. 723) is **DENIED**.

2.    A certificate of appealability SHALL NOT issue.

3.    The Clerk of the Court is directed to enter judgment for the plaintiff and close the case.

IT IS SO ORDERED.

Dated:    **June 25, 2026**

UNITED STATES DISTRICT JUDGE

14